UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TENNER HARDIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-327-PPS-CAN |
| | ) | |
| LaPORTE REGIONAL | ) | |
| HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

*Pro se* plaintiff Tenner Hardiman, an African-American woman, alleges that she was subjected to race-based discrimination in violation of Title VII by her former employer, defendant LaPorte Regional Health Systems [DE 1]. LaPorte has moved to dismiss the complaint, under Rule 12(b)(6), on the ground that Hardiman failed to exhaust her administrative remedies before filing her Title VII claim [DE 7]. Because I find that Hardiman failed to exhaust, the Court **GRANTS** LaPorte's motion to dismiss.

## BACKGROUND

Hardiman was offered employment with LaPorte's surgery department in March 2007, and presumably began working at LaPorte shortly thereafter [DE 1 at 4]. In September 2007, she applied for a different position within LaPorte, and she alleges her application initially was ignored because of her race, though she was later offered the position [*Id.*]. Shortly thereafter, though she does not specify exactly when, Hardiman voluntarily separated from LaPorte because she was upset over LaPorte's handling of her application [*Id.*].

Using a fill-in-the-blank employment discrimination complaint, Hardiman initiated this lawsuit on August 11, 2010. In the blank asking whether she had filed a charge of

discrimination with the EEOC or the Indiana Civil Rights Commission, Hardiman responded that she had not [*Id*. at 2, ¶ 2]. And Hardiman did not fill in the blank asking her to indicate when she received notice of her right to sue from the EEOC [*Id*., ¶ 3]. Not surprisingly, Hardiman did not attach to her complaint any charge of discrimination she may have filed with the EEOC, nor any right-to-sue letter she may have received.

LaPorte argues that Hardiman's complaint must be dismissed on the ground that she failed to exhaust her administrative remedies under Title VII [DE 7].

## DISCUSSION

Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," a *pro se* complainant "can plead himself out of court." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *see also McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) ("if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief.").

Here, the procedural requirements of Title VII govern whether Hardiman can survive LaPorte's motion. To assert a claim under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Chaudhry v. Nucor Steel-Indiana*,

546 F.3d 832, 836 (7th Cir. 2008). "A plaintiff has 300 days from the alleged discriminatory action to file a complaint with the appropriate state agency." *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). This is a condition precedent to bringing a federal claim under Title VII. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). And "[f]ailure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) (cting *Martinez v. United Auto., Aerospace & Agric. Implement Workers of Am.*, 772 F.2d 348, 350 (7th Cir. 1985)).

Failure to exhaust administrative remedies is an affirmative defense, and a plaintiff is not required to plead around affirmative defenses. *See Bregenettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). But "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In other words, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *Id.*

In her complaint, Hardiman indicates that she did not file a charge of discrimination with either the EEOC or the Indiana Civil Rights Commission [DE 1 at 2]. She also did not attach a copy of any such charge to her complaint. Thus, the allegations in her complaint show that she has not met the exhaustion requirement for filing a Title VII action. Accordingly, her Title VII claim must be dismissed for failure to exhaust.

Moreover, the time for Hardiman to have filed a charge of discrimination with the EEOC has now passed. The events on which she bases her Title VII claim occurred in September 2007, nearly three years before she filed her complaint. This means that she needed to have filed a

3

charge with the EEOC or the Indiana Civil Rights Commission at least before December 2008 to preserve her Title VII claim. Her failure to do so precludes her from bringing this lawsuit.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by defendant LaPorte Regional Health Systems [DE 7] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

ENTERED: December 10, 2010

                                                          /s/ Philip P. Simon
                                                        PHILIP P. SIMON, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT